[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
As to Count One — Slander of Title
The allegations allegedly setting out the facts regarding the claimed slander of title fail to meet the necessary elements of such an action. See Ganim v. Bridgeport Hydraulic Co.,10 Conn. L. Rptr. 513, 514. The motion is granted.
As to Count Four — Tortious Interference
The allegations purporting to set out the elements of this cause of action are deficient as to how the claimed misrepresentations were meant to induce the plaintiff to act, as well as any facts showing an improper motive on the part of the defendant. See Cyr v. Sheppard, Hartford/New Britain Judicial District, Docket No. 05326, March 24, 1994. The motion is granted.
As to Count Five — Abuse of Process
The plaintiff alleges an abuse of process arising out of another person filing a legal grievance against yet another, individual. These allegations demonstrate that the abuse was not directed against this plaintiff and consequently is of no effect as to him. See Jackson v. R. G. Whipple Inc., 225 Conn. 705, 720; also Mozzochi v. Beck, 204 Conn. 490, 495. The motion is granted.
As to Count Six — CUTPA Claim
This claim of the plaintiff refers to the events of a single transaction allegedly harming the plaintiff. This court is not of the opinion that "CUTPA" applies to a single isolated transaction not affecting the public generally. The motion is granted.
 As to Count Seven — Outrageous and Malicious Conduct Causing Emotional Distress
Here the plaintiff alleges that the defendant's acts in slandering his title and maliciously interfering with business relations constituted extreme and outrageous conduct. These allegations fall short of alleging such conduct as is required. See Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 56, 62. The CT Page 9101 motion is granted.
George W. Ripley, Judge